UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,	CASE NO.  13-50267-CIV-DIMITROULEAS

　　　　Plaintiff,

vs.

ANDRE SAINT-CYR,

　　　　Defendant.
_____/

**<u>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE</u>**

　　　　THIS CAUSE is before the Court on Defendant Saint-Cyr's January 29, 2026 Motion for Compassionate Release [DE-403].

　　　　The Court has considered the court file, Pre-Sentence Investigation Report (PSIR), and character letters, and having presided over the trial of this cause, finds as follows:

1.  On October 24, 2013, St. Cyr was indicted, along with five (5) other co-defendants, and charged with: 1, Conspiracy to Commit Hobbs Act Robbery; 2, Conspiracy to Possess with Intent to Distribute Five Kilograms or more of Cocaine; 3, Attempted Possession with Intent to Distribute 5 kilograms or more of Cocaine; 4, Conspiracy to  Use a Firearm During a Crime of Violence or Drug Trafficking Crime; 5, Use of a Firearm during a Crime of Violence (Count 1); 6, Use of a Firearm During a Drug Trafficking Crime (Counts 2 & 3); and 7, Possession of an Unregistered Firearm (silencer).  [DE-38].

2. On February 18, 2024, Saint-Cyr was found guilty[1] on all seven (7) counts. [DE-141]. Count Seven was dismissed on April 29, 2014. [DE-195], but only as to Co-Defendant Cazy, who also had proceeded to trial.

3. On May 2, 2014, Saint-Cyr was sentenced to 235 months on Counts I-IV, 120 months on Count VII to run concurrent to Counts I-IV; 60 months on Counts V and VI to run concurrent with each other, but consecutive to Counta I-IV and VII for a total sentence of 295 months in prison. [DE-233]. Objections to an aggravating role and obstruction of justice were overruled. [DE-225, p. 41] On May 7, 2014, this Court declined the opportunity to revisit the concurrent convictions on Count Five and Six on Co-Defendant Cazy. [DE-201].

4. On July 14, 2015, the Eleventh Circuit of Appeals affirmed. [DE-272]. *U.S. v. Cazy,* 618 Fed. Appx. 569 (11th Cir. 2015). The appellate court found no outrageous government conduct. It affirmed the aggravating role and obstruction of justice enhancements. Mandate issued on August 12, 2015. The U.S. Supreme Court denied certiorari on October 5, 2015. *Saint-Cyr v. U.S.*, 136 S. Ct. 274 (2015). [DE-272].

5. On November 23, 2015, Saint-Cyr filed a Motion for New Trial. [DE-275]. One of his complaints was that the prosecutor introduced "New Evidence" during closing arguments which was previously unknown to Saint-Cyr and his counsel [DE-275, p 3]. Saint-Cyr alleged a fraud on the court. On December 3, 2015, this Court denied the motion [DE-276]. On February 18, 2016, Saint-Cyr's voluntary

---

[1] One Count was a lesser included offense of over 500 grams of cocaine.

dismissal of his appeal was granted by the Eleventh Circuit Court of Appeals. [DE-287].

6. In a June 23, 2016 Motion to Vacate, Saint-Cyr complained that his trial counsel was ineffective in not properly investigating the case and in advising him improperly about going to trial, rather than entering a guilty plea. Saint-Cyr complained that his sentence violated *Johnson v. U.S.*, 135 S. Ct. 2551 (2015), [DE-1 in 16-61639cv]. In his reply, Saint-Cyr raised other complaints. [DE-16 in 1661639cv]. The Court denied relief on November 16, 2016. [DE-17 in 16-61639cv]. On November 17, 2016, the Special Assessment was reduced by $100 [DE-296]. On May 18, 2017, the Eleventh Circuit denied a Certificate of Appealability. [DE-25 in 16-61639cv].

7. On September 19, 2017, this Court reduced Saint-Cyr's sentence to 248 months. [DE-300].

8. In a September 8, 2018 motion to vacate, Saint-Cyr complained that the government inflated the amount of drugs at sentencing. [DE- in 18-62196cv]. He also complained about two sentencing guidelines enhancements that were imposed at sentencing. This Court denied relief on September 18, 2018. [DE-308]. There was no appeal.

9. In a June 10, 2020 motion to vacate [DE-1 in 20-61184-cv], Saint-Cyr complained that Conspiracy to Commit Hobbs Act Robbery is no longer a crime of violence. He also complained about two convictions (Counts 5 and 6) for using the same firearm in a crime of violence/drug trafficking crime. Finally, he sought to adopt

issues raised in a co-defendant's appeal in the Eleventh Circuit (18-11565). In that appeal, the Government had conceded error as to Count 5. However, there apparently was no discussion about the concurrent sentence doctrine. Perhaps, because the court had to reimpose the $100 special assessment in that case. *See Cazy v. U.S.*, 717 Fed. Appx. 954 (11th Cir. 2017). The motion to vacate was dismissed as successive on June 16, 2020. [DE-4 in 20-61184-cv]. On June 25, 2020, the Eleventh Circuit allowed a successive motion [DE-7 in 20-61184]. On July 16, 2020, this Court denied the successive motion [DE-12 in 20-61184cv]. Reconsideration and a Motion to Appoint Counsel were denied on July 21, 2020. [DE-15 in 20-61184cv]. On September 18, 2020, Saint Cyr mailed a letter to the Court, complaining about being sentenced in absentia. [DE-17 in 20-61184cv]. On October 28, 2020, the appeal was dismissed. [DE-22 in 20-61184cv].

10. Meanwhile, on September 4, 2020, Defendant filed a letter, postmarked September 8, 2020, received by the Clerk on September 11, 2020, but not docketed until November 17, 2021. [DE-23 in 20-61184cv]. At that point, the Court was first made aware of the letter, and relief was denied on the same day. Defendant again had asked for a limited resentencing and appointment of counsel. If this motion/letter were properly filed, it tolled the one year statute of limitations.

11. Defendant's conviction became final fourteen (14) days after the court's amended judgment and sentence was entered on July 16, 2020. [DE-322]. Movant's appeal was dismissed on October 28, 2020. [DE-22 in 20-61184cv].

The one year AEDPA statue of limitations ran on October 27, 2021. A Motion for Reconsideration, Audita Querela, Habeas Corpus, Error Coram Nobis was not filed until August 22, 2022. On April 24, 2024, the Eleventh Circuit concluded that this Court had jurisdiction, and remanded for a consideration of the merits. [DE-43 in 20-61184cv]. However, Defendant was not entitled to relief on the merits. He was not convicted of a non-existent, unconstitutional or unindictable offense. This Court found no outrageous government conduct, and the court had been affirmed by the appellate court on that issue. Moreover, the jury was instructed on entrapment [DE-137, p. 27] and coercion/duress [DE-137, p. 28] and rejected those defenses. The Court agreed with the Government's response that Defendant was procedurally barred from raising these arguments[2], and that he was also not entitled to relief on the merits. Intended victims being fictitious does not invalidate a prosecution. *U.S. v. Taylor*, 480 F. 3d 1025, 1027 (11th Cir.) *cert denied.*, 552 U.S. 855 (2007). The Court denied relief on July 17, 2024. [DE-390]. Reconsideration was denied on Augst 11, 2024. [DE-52 in 20-61184cv]. An appeal was dismissed on June 6, 2025. [DE-56 in 20-61184cv].

12. In this latest request, Saint-Cyr requests a reduced sentence because the nature of the reverse-sting case, his rehabilitation in prison, government misconduct, sentencing disparities, and a lack of criminal history. Saint-Cyr is 41 years old

---

[2] Matters that were raised on direct appeal, or could have been. should not again be heard on a collateral attack. *Mills v. U.S.*, 36 F. 2d 1052, 1055 (11th Cir. 1995); *U.S. v. Nyhuis*, 211 F. 3d 1340, 1343 (11th Cir. 2000).

and has served about 60% of a 248 month sentence.  He has alleged that he exhausted his administrative remedies with the warden.

13. The Court has considered his rehabilitation efforts in prison.  He may be the last person in this case to remain in prison.  The Court is not impressed with the executive clemency granted to Co-Defendant Cazy that released him from prison on July 16, 2025.  [DE-394].  This Court does not find it to have been deserving and certainly not a basis to reduce every other defendant's sentence to the lowest common denominator.  The Court does not exercise discretion to extend that reduction to Saint-Cyr, as it would amount to a windfall.  He properly received a four (4) level enhancement for his role in the offense.  [DE-255, p. 41].  The Court declines to exercise discretion to grant relief *Conception v. U.S.,* 597 U.S. 481, 502 (2022).

14. The Court agrees that Saint-Cyr's criminal history was such that he scored at a Criminal History Category I.  However, his numerous arrests did not factor into that classification.  [CR-DE-255, pp. 45-46].  He has not been discipline-free in prison.  [DE-403-2, pp. 18-19].  Extraordinary and compelling reasons do not exist to warrant relief.  Saint-Cyr committed perjury during the trial.  [DE-255, p. 42].  The Government properly considered Saint-Cyr to be more culpable.  [DE-255, p. 44].  The Court found both were "up to their ears in involvement in this particular case" [DE-255, p. 47].

15. Primarily, Defendant contends that there are extraordinary and compelling reasons to modify his sentence because of a "disavowed" practice of "stash-

house robbery" and his minor role in the conspiracy. The Court disagrees with Defendant's speculative contention that he would have received a lower sentence today. The sentence is well within the statutory maximum sentences. Defendant's sentence is not unusually long. The same sentence would have been imposed today on these charges, given the aggravating nature of the case. Decisions by Judge Middlebrooks, Judge Cohn and Judges in the Northern District of Illinois are persuasive, not controlling, on this Court, as is the opinion of Professor Zunkel. This Court has presided over a large number of ATF reverse, stash house stings over the past 27 years. Others may have railed against these prosecutions as being outrageous or based upon entrapment, but in no case has this court dismissed such a case as a matter of law. Whether law enforcement currently utilizes such investigative tactics does not seem particularly relevant, absent a decision to abandon them forever, the pendulum swings back and forth in our criminal justice system. Any perceived, temporary reduction in these swings should not operate as a windfall for those lawfully convicted in the past. The Court again exercises discretion to deny relief. A reduction would not promote respect for the law or act as a deterrent. The Court has considered the §3553(a) factors, his mitigating circumstance and declines to exercise discretion to grant relief. *Id. Conception* at 502. Saint Cyr's motion reads as if he was arguing entrapment/outrageous conduct to a jury, but those arguments were properly rejected. [DE-131, p. 27, 28].

Wherefore, the Motion for Compassionate Release [DE-403] is DENIED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of February, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record

Alicia Shick, AUSA

Fernando L. Tamayo, Esquire